# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SUPPLEMENT EDGE, INC. d/b/a NEXT GEN NUTRITION, <br><br> Plaintiff, <br><br> v. <br><br> ONE BRANDS, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a), 1446, Defendant ONE Brands, LLC ("ONE Brands" or "Defendant") hereby files this Notice of Removal and removes the above-captioned state court action, originally filed as Docket No. CV-20-368 in the Maine Superior Court in Cumberland County (the "State Court Action") to the United States District Court for the District of Maine. Removal is proper on the following grounds:

### I.   REMOVAL IS TIMELY

1. On or about August 27, 2020, Supplement Edge, Inc., d/b/a Next Gen Nutrition ("Next Gen" or "Plaintiff") filed a complaint against ONE Brands, LLC in the Maine Superior Court in Cumberland County, Docket No. CV-20-368.

2. On August 27, 2020, Plaintiff provided a courtesy copy of the complaint to ONE Brand's in-house counsel.

3. On September 11, 2020, Plaintiff served a Summons and copy of the Complaint on CT Corporation. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint, and the Superior Court docket sheet are attached hereto as **Exhibit 1.**

4. This Notice is timely because ONE Brands, LLC is filing it within 30 days of receiving a copy of the complaint. *See* 28 U.S.C. § 1446(b).

## II. NATURE OF THE ACTION

5. Next Gen sells ONE Brands products on Amazon.com. Next Gen claims that ONE Brands "notified Amazon that Next Gen was selling its One Brands products in violation of Amazon's Condition Policies" and that as a result, "Amazon.com removed Next Gen's listings for **all of its One Brands products**. Compl. ¶ 24 (emphasis added). Next Gen claims that "it has incurred substantial damages," and its damages "are continuing to accrue." *Id*. at ¶¶ 50, 61. The complaint alleges three causes of action: (1) Declaratory Judgment, (2) Tortious Interference with Contract, and (3) Tortious Interference with Existing and Prospective Economic Advantage.

## III. THIS COURT HAS JURISDICTION OF THIS ACTION

6. This Court has subject-matter jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a) because: (1) this action is between citizens of different states; and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. <u>There is diversity.</u>

7. The federal court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. An unincorporated association such as a partnership has the citizenships of all of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). A corporation, by contrast, is a citizen only of (1) the

state where its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1). An LLC has traits of both partnerships and corporations, but LLCs are treated as partnerships for purposes of diversity jurisdiction. *See E. Maine Elec. Co-op Inc. v. First Wind Holdings LLC*, No. 1:14-CV-00493, 2015 WL 2452638, at *2 (D. Me. May 22, 2015) (citizenship of an LLC is determined by the citizenship of its members); *see also, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.2006) ("every circuit that has addressed the question" treats LLCs like partnerships for purposes of diversity jurisdiction).

8. The complaint alleges that Plaintiff is a Maine corporation with its principal place of business in Cumberland County, Maine. Compl. ¶ 2.

9. ONE Brands, a Delaware limited liability company, with its principal place of business in Charlotte, North Carolina, is a wholly owned subsidiary of The Hershey Company. One Brands has no members in Maine. The Hershey Company is a Delaware corporation, with its principal place of business in Hershey, Pennsylvania. *See* Declaration of Erin Costa, ¶ 3 (attached hereto as **Exhibit 2**).

    **B.**    <u>**The Amount in Controversy Exceeds $75,000**</u>

10. Plaintiff's complaint does not allege a specific amount in controversy. Indeed, under Maine law, a plaintiff is prohibited from including a dollar amount in the ad damnum clause. 14 M.R.S.A. § 52.

11. ONE Brands denies any liability in this case and nothing in this Notice of Removal should be deemed an admission of liability or an admission that Plaintiff is entitled to any damages.

12. However, in determining whether the jurisdictional amount in controversy has been met, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." *Connolly v. Dorris*, No. 2:19-cv-00510-GZS, 2020 WL 206932, *2 (Jan. 14, 2020). In arriving at that amount, courts draw "all reasonable inferences in favor of the Plaintiff's Complaint." *Doughty v. Hyster New England, Inc.,* 344 F. Supp. 2d 217, 219 (D. Me. 2004) (citation omitted). Here, Plaintiff's complaint alleges that Next Gen has been selling ONE Brands products on Amazon.com "for years." Compl. ¶ 14; *see also id*. ¶¶ 16-18 (referencing selling ONE Brands products on Amazon.com in 2018). It also alleges that Amazon.com is its principal marketplace for selling the ONE Brands products, but that because of ONE Brands' complaints, it is no longer permitted to do so. *Id*. at ¶ 28. The complaint claims that Plaintiff has "thousands of dollars of One Brands inventory that it now is barred from selling on Amazon.com," that is has incurred "substantial damages" as a result of its products beings removed from Amazon.com, and that its damages "are continuing to accrue." *Id*. at ¶¶ 51-61. The complaint also alleges that "Amazon.com will not restore the listings without approval from ONE Brands," thus there is no end date alleged for when Plaintiff will cease accruing damages. *Id*. at ¶ 27. Moreover, in count three of the complaint, the Plaintiff claims tortious interference with *prospective* economic advantage. Thus, a reasonable reading of the complaint suggests that the amount in controversy is the amount of the current inventory, plus the amount of any lost profits already sustained that are not included in that current inventory amount, plus years of future lost profits resulting from the inability to sell the products on Amazon.com. As set forth below, when all inferences are viewed in favor of the allegations in Plaintiff's complaint, the amount in controversy exceeds—to a reasonable probability/preponderance of the evidence—

$75,000, exclusive of interests and costs. *See Milford-Bennington R. Co. v. Pan Am Railways, Inc.,* 695 F.3d 175, 178–79 (1st Cir. 2012) (applying "reasonable probability" standard to determine whether jurisdictional threshold had been satisfied); *Doughty v. Hyster New England, Inc.,* 344 F. Supp. 2d at 219 (requiring "defendant to show by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement").

12. Based solely on the Plaintiff's allegations (and not the merits of its claims), ONE Brands calculates with reasonable probability that the amount in controversy exceeds $75,000 as follows:

a. Next Gen's complaint states that "Amazon.com removed Next Gen Nutrition's listings for **all of its One Brand products**." Complaint, at ¶ 24 (emphasis added).

b. In early March 2020, ONE Brands engaged POTOO Marketing, LLC (POTOO) to perform various services for it including, but not limited to, data collection with respect to third-party sellers of ONE Brands products on Amazon.com. Declaration of Erin Costa, ¶ 4 (**Exhibit 2**).

c. POTOO's proprietary online data dashboard tracks the presence of product listings on Amazon.com, who is offering them, the seller's stock levels, sales price, sales data, and more. This information is tracked daily. Declaration of David Veber, ¶¶ 3, 14 (attached as **Exhibit 3**).

d. POTOO's clients, including ONE Brands, have access to the online dashboard. *Id.* at ¶ 3.

e. Based on information provided by POTOO, Next Gen's sales from March 14, 2020[1] through July 23, 2020 (the date of delisting) for *all* ONE Brands products sold by Next Gen on Amazon.com totaled $348,780.46. Declaration of Erin Costa, ¶ 8 (**Exhibit 2**).

f. There are 132 days from March 14, 2020 through July 23, 20202. Using the data in paragraph e above to calculate daily sales, the total daily sales would be $2,662.27 (total sales ($348,780.46) divided by the number of days (132) = $2,642.27). Using this data, it would take less than 29 days to reach the $75,000 amount in controversy.

g. However, notwithstanding the allegations in the complaint that "Amazon.com removed Next Gen Nutrition's listings for **all of its One Brands products**," it is ONE Brands' understanding that eleven products (not all) were delisted— ten products on July 22, 2020 and one product on July 23, 2020. Declaration of Erin Costa, ¶ 9 (**Exhibit 2**).

h. Based on data collected by POTOO, the amount of sales for the delisted products from March 14, 2020 through July 23, 2020 totaled $83,400.69. *Id*. at ¶ 10; Declaration of David Veber, ¶ 15 (**Exhibit 3**). That translates into $631.82 in sales per day ($83,400.69 ÷ 132 days = $631.82). Based on this sales data, it would take less than 119 days to reach the $75,000 amount in controversy.[2] As of the date of this filing, Plaintiff's listings have already been removed for 64 days—more than half of the 119 days needed to get to the $75,000 amount. And the delisting has no end date. Plaintiff claims that the products will remain delisted until ONE Brands retracts its complaint. But even if ONE Brands were to

---

[1] The data begins on March 14, 2020 because that is the date that POTOO started tracking ONE Brands products on Amazon.com.

[2] It also is important to note that the above snapshot takes into account sales only for an approximate four-month period and does not include the "peak" season for sales for ONE Brands products, which is January.

6

149656359.1

retract its complaint, that does not mean that Amazon.com will relist the products. In any event, based on the allegations in the complaint, Plaintiff will not be selling on Amazon.com anytime soon. Thus, based on lost profits for the eleven products only, the amount in controversy exceeds $75,000.

   i.  In addition to lost profits, Next Gen claims that it "has thousands of dollars of One Brands inventory that it now is barred from selling on Amazon.com, which is its principal marketplace for selling such products." Compl. ¶ 28. Next Gen does not quantify what "thousands of dollars" means. However, POTOO has calculated the value of Next Gen's inventory. Based on data that POTOO collected and tracked on the last day the products were listed on Amazon.com, Next Gen had 2,267 units of inventory, with a value totaling $69,186.33. *See* Declaration of David Veber, ¶¶ 11, 12 (**Exhibit 3**); Declaration of Erin Costa, ¶ 11 (**Exhibit 2**).

   j.  As noted previously, when viewed in the light most favorable to Plaintiff's complaint, the amount that is in controversy consists of: (1) the value of the current inventory, (2) the lost profits from the date of the delisting (July 22nd and July 23) to the present (to the extent that those amounts are not encompassed by the inventory amounts), and (3) future lost profits for an indefinite period (as no end date was alleged). Given that the current inventory value is $69,186.33, it would not take much to get over the $75,000 threshold. Moreover, putting aside the inventory value, based on past sales—and calculating only the sales for the eleven delisted products and not all products, as alleged in Plaintiff's complaint—it would take less than 119 days of lost sales to reach the jurisdictional amount in controversy.

13. ONE Brands has applied a "reasonable amount of intelligence" to the allegations in Plaintiff's complaint and has met its burden of establishing "a reasonable probability" that the amount in controversy exceeds $75,000. *Romulus v. CVS Pharmacy, Inc.,* 770 F.3d 67, 81 (1st Cir. 2014).

### IV. ALL PROCEDURAL REQUIREMENTS ARE MET

14. This Court is the proper venue for removal because the State Court Action is pending in the Maine Superior Court in Cumberland County, which is within this District. 28 U.S.C. §§ 99, 1441(a).

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the Maine Superior Court in Cumberland County and served upon counsel for the Plaintiff.

16. Should Plaintiff seek to remand this case, or the Court considers remand *sua sponte,* ONE Brands respectfully requests the opportunity to submit evidence and additional arguments and conduct discovery in support of removal prior to any order remanding this case.

### V. NO ADMISSIONS OR WAIVER OF DEFENSES

17. ONE Brands does not admit any allegations in the complaint or relinquish any right to assert defenses, including affirmative defenses, personal jurisdiction, and its right to challenge the pleadings.

WHEREFORE, Defendant ONE Brands, LLC respectfully removes this action from the Maine Superior Court in Cumberland County to this Court. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: September 25, 2020	Respectfully submitted,
	ONE Brands, LLC

	By its attorneys,
	PRETI FLAHERTY BELIVEAU &
	PACHIOS, LLP


	 */s/ Sigmund D. Schutz*
	Sigmund D. Schutz
	One City Center
	P.O. Box 9546
	Portland, ME, 04112-9546
	(207) 791-3000
	sschutz@preti.com


	PERKINS COIE LLP

	Cheryl Zak Lardieri
	Pro Hac Vice Pending
	700 Thirteenth Street, N.W. Suite 800
	Washington, DC 20005-3960
	(202) 661-5813
	CLardieri@perkinscoie.com

9

149656359.1