## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

<table>
<tr><td>SUPPLEMENT EDGE, INC. d/b/a<br>NEXT GEN NUTRITION,<br>          Plaintiff,<br>v.<br><br>ONE BRANDS, LLC,<br>          Defendant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Civil Action No. 2:20-cv-00348-LEW</td></tr>
</table>

## DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

Defendant, ONE Brands, LLC ("ONE"), by and through its undersigned counsel, moves for an order dismissing the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(1) for lack of subject matter jurisdiction over the declaratory judgment claim, and Rules 12(b)(6) and 9(b) for failure to state a claim. In support of the motions, ONE incorporates the below memorandum of law.

### INTRODUCTION

Plaintiff, Supplement Edge, Inc. d/b/a Next Gen Nutrition ("Plaintiff" or "Next Gen"), brought this lawsuit against ONE for tortious interference with contract and prospective economic advantage and for a declaratory judgment.

As an initial matter, this Court does not have personal jurisdiction over ONE. ONE is not incorporated in Maine, does not have its principal place of business in Maine, and conducted no act (tortious or otherwise) in Maine. For that reason alone, the Complaint must be dismissed.

Plaintiff fares no better with its substantive claims. The tortious interference claims must be dismissed because the Complaint fails to plead a plausible tortious interference claim. To do so, Plaintiff must set forth facts demonstrating, among other things, that ONE interfered with Plaintiff's contract with Amazon.com ("Amazon") through fraud or intimidation, and that such

149724899.1

interference caused Plaintiff's damages. There are no facts establishing those elements and therefore the tortious interference claims (Counts II and III) should be dismissed.

Plaintiff's declaratory judgment claim (Count I) also should be dismissed. This claim seeks a declaration that the ONE bar products Plaintiff sells "meet Amazon.com's Policies." First, ONE is not a party to the Amazon contract and therefore there is no genuine controversy between Plaintiff and ONE vis-à-vis compliance with Amazon's contract and policies. Without a case or controversy, this Court lacks subject matter jurisdiction. Second, the claim seeks to resolve a single disputed factual issue—the condition of the products. Maine's Declaratory Judgments Act (the "Act") does not permit a litigant to obtain declarations related solely to factual issues. Third, because a declaration concerning the condition of the products says nothing about whether ONE interfered with the Amazon contract, whether any interference was through fraud or intimidation, or whether the alleged fraud or intimidation caused Amazon to remove Plaintiff's products from Amazon's site, the requested declaratory judgment will not terminate the controversy or remove an uncertainty. The Act specifically states that the court has discretion to not entertain a declaratory judgment action under those circumstances. 14 M.R.S.A. § 5958. Fourth, the Act requires that all persons/entities who would be affected by the declaration be parties to the action. Because Amazon, who is not a party to this case, would be affected by a declaration concerning its contract and policies, the declaratory judgment claim must be dismissed. And fifth, because the substantive tortious interference claims will resolve all the legal rights and liabilities of Plaintiff and ONE, the declaratory judgment claim adds nothing and should be dismissed as superfluous.

Even viewing the Complaint in the light most favorable to Plaintiff, the Complaint should be dismissed. This Court lacks personal jurisdiction over ONE, lacks subject matter jurisdiction over the declaratory judgment claim, and the Complaint fails to make concrete or plausible

149724899.1

allegations that could, as a matter of law, give rise to liability on the tortious interference claims. The declaratory judgment claim also should be dismissed for the reasons stated. Because amendment would be futile, the Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

ONE, which manufactures and sells nutritional protein bars, is a Delaware LLC, with its principal place of business in Charlotte, North Carolina. Compl. ¶¶ 3, 6, ECF No. 5-3. Plaintiff is a Maine corporation that is a "third party seller" of ONE protein bars on Amazon. *Id*. ¶¶ 2, 7. Plaintiff alleges that it and Amazon are parties to an Amazon Services Business Solutions Agreement ("Contract"), which requires Plaintiff to comply with Amazon's Product Guidelines ("Policies"). *Id*. ¶¶ 8, 9, 13. Both the Contract and Policies were attached to the Complaint. *See* Ex. A to Compl., ECF No. 5-4; Ex. B to Compl., ECF No. 5-5.

Plaintiff admits that any violation of Amazon's Policies may result in the "the loss of selling privileges or other legal consequences." Compl. ¶ 10, ECF No. 5-3. Moreover, the Contract provides that Amazon may terminate the Contract or remove Plaintiff's products "for convenience" or cause. *See* Ex. A ¶ 3, ECF No. 5-4. The Complaint does not state why Amazon removed Plaintiff's products.

Plaintiff claims that in 2018, ONE sent cease and desist emails to it "through the Amazon website." Compl. ¶¶ 17, 18, ECF No. 5-3. There are no allegations that ONE communicated to Amazon in 2018 or that the 2018 communications between ONE and Plaintiff had anything to do with Amazon's removal of Plaintiff's products two years later.

Plaintiff claims that ONE reached out to it again through Amazon's website in May and June of 2020. Specifically, Plaintiff asserts: "One Brands notified Next Gen through the Amazon website, that it was '. . . committed to protecting our brands, customer partners and customers by tackling product misrepresentations and intellectual property infringement on the Amazon.com

Marketplace.'" *Id*. ¶ 19. Plaintiff further alleges that in those communications, ONE stated that "[i]f we cannot verify the authenticity and quality of your ONE inventory, then we must request that the listing be immediately removed from the Amazon.com Marketplace." *Id*. ¶ 20. Plaintiff also alleges that ONE "cited a variety of violations that are '. . . grounds for your product offering to be removed from the Amazon platform altogether . . .'" *Id*. ¶ 21. There is no allegation that Plaintiff ever responded to ONE or verified the authenticity or quality of Plaintiff's ONE inventory.

Plaintiff further claims that ONE "subsequently notified Amazon that Next Gen was selling its One Brands products in violation of Amazon's Conditions Policies" (*id*. ¶ 22) but Plaintiff provides no details or facts about what was reported, who reported it, when it was reported, or in what way the alleged report was false.

## ARGUMENT

### I.     The Complaint should be dismissed for lack of personal jurisdiction.

The plaintiff bears the burden of establishing that the Court has personal jurisdiction over ONE. *Accessories Ltd. of Maine, Inc. v. Longchamp U.S.A.*, 170 F. Supp. 2d 12, 13 (D. Me. 2001) (quoting *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir. 1992)) ("Because the defendant has challenged this court's exercise of personal jurisdiction over it, 'the plaintiff has the burden of showing that jurisdiction exists.'"). In order to meet that burden, "the plaintiff must make the showing as to every fact required to satisfy both the forum's long-arm statute and the due process clause of the Constitution" and the showing must "be based on specific facts set forth in the record." *Boit v. Gar-Tec Products, Inc.*, 967 F.2d at 675, 680. Because, however, "the Maine long-arm statute extends 'to the fullest extent permitted by the due process clause of the United States Constitution'" the two inquiries merge and "the constitutional inquiry is all that is required." *B.J. Tidwell Indus., Inc. v. Zawacki*, 645 F. Supp. 2d 7, 10 (D. Me. 2009) (citations omitted).

149724899.1

Jurisdiction over a foreign defendant may be either general or specific. Plaintiff alleges only specific jurisdiction under Maine's long arm statute: "This Court has personal jurisdiction over One Brands, *inter alia*, because it committed a tortious act and/or caused the consequences of a tortious act to occur in the State of Maine within the scope of 14 M.R.S.A. § 704-A." Compl. ¶ 4, ECF No. 5-3.[1] "Specific jurisdiction is narrower in scope and exists only when the plaintiff's cause of action arises from or relates to the defendant's contacts with the forum state." *B.J. Tidwell Indus., Inc. v. Zawacki*, 645 F. Supp. 2d at 11.

Although Plaintiff makes the conclusory statement that tortious acts occurred in Maine, there is not a single factual allegation of ONE committing any act in Maine, much less a tortious one. The alleged tortious conduct is that ONE notified Amazon that Plaintiff was selling ONE bar products in violation of Amazon's Policies. Compl. ¶ 22, ECF No. 5-3. There is no allegation that that communication occurred in Maine, nor is there a basis to infer that it did. Amazon's principal place of business is in Seattle, Washington, not Maine. Because there are no allegations in the Complaint tying any tortious conduct to Maine, this Court lacks specific personal jurisdiction over ONE.

Plaintiff's claim that personal jurisdiction exists because ONE "caused the consequences of a tortious act" to occur in Maine also fails. Compl. ¶ 4, ECF No. 5-3. There is nothing in the Complaint elaborating on what those consequences were. But if we assume that by consequences

---

[1] ONE does not read the insertion of "*inter alia*" as invoking general jurisdiction. But even if it is, ONE is not subject to general jurisdiction in Maine. A foreign defendant is subject to general jurisdiction only when it has such continuous and systematic contacts such that it is "at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). An entity is "at home" only in the place of incorporation or principal place of business. *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014). Plaintiff admits that ONE is a Delaware LLC with its principal place of business in North Carolina. Compl. ¶ 3, ECF No. 5-3. As such, this Court does not have general jurisdiction over ONE.

Plaintiff meant that the harm was felt in Maine, jurisdiction still is lacking. In *Accessories Ltd. of Maine Inc. v. Longchamp U.S.A.*, 170 F. Supp. 2d at 15, this Court found that for business torts, there must be "more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum … [T]he *Calder* 'effects test' can only be satisfied if the plaintiff can point to contacts which demonstrate that the defendant *expressly aimed* its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity." (Citation omitted; Emphasis in original.) In *Longchamp*, the Court found that sending a cease and desist letter to the Plaintiff in Maine was insufficient to confer personal jurisdiction over a non-Maine defendant. *Id*. Here, there isn't even that. Again, there is no allegation that any communication between ONE and Amazon occurred in Maine. And ONE's alleged communications with Plaintiff were via emails "through the Amazon website"[2]—a more indirect communication than the cease and desist letter found insufficient in *Longchamp*. Moreover, there is no allegation that the emails between ONE and Plaintiff were themselves actionable.

Because Plaintiff has not alleged facts sufficient to show that ONE made Maine "the focal point of the tortious activity," this Court does not have personal jurisdiction over ONE.

## II.    The Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To make this determination, courts in the First Circuit follow a two-step analysis. First, the court must 'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.'" *Howell v. Advantage Payroll Services, Inc*., No. 2:16-

---

[2] Compl. ¶¶ 17, 19, ECF No. 5-3.

cv-438-NT, 2017 WL 782881, at * 1 (D. Me. Feb. 28, 2017) (quoting *Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711, 717 (1st Cir. 2014)). "Then, taking all well-plead facts as true and 'drawing all reasonable inferences in [plaintiff's] favor,' the court must determine whether the complaint 'plausibly narrate[s] a claim for relief." *Id*. "'Plausible' means 'more than a sheer possibility.'" *Howell v. Advantage Payroll Servs., Inc*, 2017 WL 782881 at *1 (citation omitted). Complaints that are "'too 'meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture,'" are subject to dismissal. *In re Curran*, 855 F.3d 19, 25 (1st Cir. 2017) (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)). The factual allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

And although courts must accept well-pleaded *factual* allegations as true, they are not required to accept as true statements of law, "mere conclusory statements," or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers only "'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

Fraud must be pled with greater specificity and is governed by Federal Rule of Civil Procedure 9(b). Rule 9(b) requires "specification of the time, place, and content of an alleged false representation[.]" *Doyle v. Hasbro, Inc*., 103 F.3d 186, 194 (1st Cir. 1996) (citation omitted). "[M]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated." *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985). The heightened pleading standard under Rule 9(b) applies to the fraud element of a tortious interference claim. *Hazen v. Hazen*, No. CV-15-438, 2017 WL 3537058, at *8-9 (Me.

Super. Ct. June 13, 2017) ("claims of fraud, even within the confines of intentional interference with an advantageous relationship, must be plead with particularity, M.R. Civ. P. 9(b)"); *Old Town Util. & Tech. Park, LLC v. Consol. Edison, Sols., Inc.*, No. 2:19-CV-00029-JDL, 2019 WL 4784603, at *9 (D. Me. Sept. 30, 2019) ("Fraud claims are subject to a heightened pleading standard under Rule 9(b), and the same standard applies to allegations of fraud within a claim for tortious interference"); *Howell v. Advantage Payroll Servs., Inc.*, 2017 WL 782881, at *6–7.

A.   **The tortious interference claims should be dismissed.**

Plaintiff has brought both a tortious interference with contractual relationship claim (Count II) and a tortious interference with existing and prospective economic advantage claim (Count III). The only difference between the two is that the former requires a contract and the latter does not. Because of that, courts often discuss the two claims collectively as tortious interference with prospective advantage. "Tortious interference with a prospective advantage requires a plaintiff to prove: (1) that a valid contract or prospective economic advantage existed; (2) that the defendant interfered with that contract or advantage through fraud or intimidation; and (3) that such interference proximately caused damages." *Rutland v. Mullen*, 2002 ME 98, ¶ 13, 798 A.2d 1104, 1110 (2002) (footnotes omitted).[3]

Plaintiff's tortious interference claims should be dismissed because the Complaint fails to sufficiently allege two of the three necessary elements of the causes of action. The Complaint

---

[3] Plaintiff's tortious interference with existing and prospective economic advantage claim (Count III) should be dismissed because it is entirely duplicative of its interference with contractual relationship claim (Count II). Both claims allege that ONE interfered with Plaintiff's Contract with Amazon. There are no allegations in Count III of any additional interference or any additional economic advantage beyond the Contract. Because Count III is entirely duplicative of Count II, it should be dismissed.

contains no facts demonstrating that ONE engaged in fraud or intimidation or that ONE's alleged interference caused Amazon to remove Plaintiff's products from the Amazon site.

### 1.     The Complaint fails to plead fraud or intimidation with the specificity required under Rule 9(b).

"The presence of fraud or intimidation is critical to a claim for tortious interference because it distinguishes unlawful conduct from conduct inherent in a healthy competitive economic environment." *Rutland*, 2002 ME 98, ¶ 13 n.5, 798 A.2d at 1110, n.5. "For the same reasons, [Maine has] never recognized a claim for negligent interference with an economic advantage." *Id*. "Negligent interference is also rejected in the RESTATEMENT (SECOND) OF TORTS § 766C (1979). *Id*. Thus, interference alone is not actionable. It must be interference by fraud or intimidation. *Town of Lisbon v. Thayer Corp.*, 675 A.2d 514, 517 (Me. 1996) (elements not satisfied where no evidence of interference through "fraud, intimidation or undue influence").

To state a claim for interference by fraud, Plaintiff must allege facts showing that:

(1)    the defendant made a false representation;

(2)    of a material fact;

(3)    with knowledge of its falsity or in reckless disregard of whether it is true or false;

(4)    for the purpose of inducing another to act or refrain from acting in reliance on it; and

(5)    the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff.

*Rutland*, 2002 ME 98, ¶ 14, 798 A.2d at 1111. As set forth below, the Complaint does nothing more than recite those elements; there are no factual allegations supporting any of them.

To state a claim for interference by intimidation, Plaintiff must allege facts establishing that ONE engaged in unlawful extortion or coercion. *Id*. ¶ 16, 798 A.2d at 1111. *See Hazen v. Hazen*, 2017 WL 3537058, at * 20 ("To establish a case for intentional interference through intimidation, the plaintiff must show the presence of unlawful extortion or coercion."); *Stewart v.*

- 9 -

*BWT Enters.*, No. BCD-CV-14-46, 2015 Me. Bus. & Consumer LEXIS 40, at *11 (Cumberland Cnty. June 10, 2015) (citing *Rutland v. Mullen*, 202 ME 98, ¶ 16, 798 A.2d 1104) ("tortious interference through intimidation 'involves unlawful coercion or extortion'"); *Harlor v. Amica Mut. Ins. Co.*, 2016 ME 161, ¶ 35, 150 A.3d 793, 804 (2016) ("intimidation exists wherever a defendant has procured a breach of contract by 'making it clear' to the third party with whom the plaintiff had contracted that the only manner in which that party could avail itself of a particular benefit of working with the defendant would be to breach the third party's contract with plaintiff.")

It is not sufficient for Plaintiff to simply recite the above elements. Rule 9(b) requires that fraud and intimidation be plead with specificity, and that specificity requires at a minimum allegations setting forth "the time, place, and content of an alleged false representation." *Doyle v. Hasbro, Inc.,* 103 F.3d at 194  (citation omitted).

The Complaint here does not meet that standard. There is nothing in the Complaint stating what the false representation to Amazon was, who made the representation, when it was made, what about the purported representation was false, or why it was material. Likewise, there are no facts supporting the conclusory statement that ONE made statements knowing that they were false or with reckless disregard of whether they were true or false. Similarly, the Complaint does not provide any facts supporting a claim that Amazon relied on any representations by ONE. Indeed, the Complaint is completely silent as to Amazon's reasons for removing Plaintiff's products from the site. The Amazon Contract states that it is free to terminate the agreement or Plaintiff's rights to sell its products on the site for any number of reasons or for no reason at all. Compl. ¶ 3, ECF No. 5-4 (stating that Amazon "may terminate [Plaintiff's] use of any Services or terminate this Agreement for convenience . . . [and] may suspend or terminate [Plaintiff's] use of any Services . . . if [Amazon] determine[s] that (a) [Plaintiff] materially breached the Agreement … (b)

[Plaintiff's] account has been, or our controls identify that it may be used for deceptive or fraudulent, or illegal activity, or (c) [Plaintiff's] use of the Services has harmed, or our controls identify that it might harm, other sellers, customers, or Amazon's legitimate interests.") Without any factual allegations as to why Amazon took the action it did, the necessary elements of reliance and causation for establishing fraud are missing.[4]

The Complaint also alleges no facts that ONE intimidated Amazon or that any intimidation caused Amazon to remove Plaintiff's right to sell the products on its site. Intimidation requires proof of unlawful extortion or coercion. The words extortion and coercion are nowhere to be found in the Complaint. Even if they were, to state a claim Plaintiff would have to include in the Complaint facts to back up the allegations. The only reference in the Complaint to intimidation is in the context of merely reciting the elements of the claim, which is insufficient as a matter of law.

When the conclusory allegations and the re-hashing of the elements are taken away, the Court is left with no facts amounting to fraud or intimidation. The Complaint does not answer even the most basic questions. What did ONE say to Amazon? What did Amazon say to Plaintiff? When did they say it? Why did they say it? Why did Amazon remove Plaintiff's products? What facts make any statement made by ONE false? What statements or conduct by ONE does Plaintiff contend rise to the level of fraud or intimidation?

The Complaint does not meet the notice pleading requirements of Rule 8 and *Iqbal/Twombly*, much less the heightened Rule 9(b) pleading requirements. Complaints—like the one here—which do nothing more than set forth a mere "formulaic recitation of the elements"

---

[4] Notably, Plaintiff attached the Amazon Contract and Policies to the Complaint but did not attach the Amazon communications advising Plaintiff that its products were being removed nor did it set forth the content of that communication. It is safe to assume that the Amazon communication does not support Plaintiff's claims.

cannot survive a motion to dismiss. *Twombly,* 550 U.S. at 570. Moreover, the Complaint's complete and utter failure to even identify what the representation was that ONE purportedly made, much less the details of that representation as required under Rule 9(b), requires dismissal. *St. Hilaire v. Edwards*, 581 A.2d 806, 807 (Me. 1990) (dismissing complaint where the complaint failed to allege that the defendants used fraud or intimidation to procure the breach);  *Town Util. & Tech. Park, LLC v. Consol. Edison, Sols., Inc.*, 2019 WL 4784603, at \*9-10 (dismissing tortious interference claim where complaint failed to allege with particularity fraud or intimidation); *Howell v. Advantage Payroll Servs., Inc*, 2017 WL 782881, at \*6 (dismissing complaint for failure "to provide specific facts [of] interference by fraud or coercion").

"In cases in which fraud lies at the core of the action, [Rule 9(b)] does not permit a complainant to file suit first, and subsequently to search for a cause of action." *Hayduk v. Lanna*, 775 F.2d at 443.

2.      **The tortious interference claims fail as a matter of law because the allegations demonstrate nothing more than ONE asserting its legal rights.**

The tortious interference claims also fail because the allegations demonstrate nothing more than ONE asserting its legal rights, which, as a matter of law, is insufficient to support a finding of fraud or intimidation.

Plaintiff makes the conclusory claim that ONE interfered with Plaintiff's right to sell products on Amazon "by falsely notifying Amazon that Next Gen's products do not meet Amazon.com's condition Policies." Compl. ¶ 43, ECF No. 5-3. Maine law is clear, however, that not every interference is actionable. "The presence of fraud or intimidation is critical to a claim for tortious interference[.]" *Rutland*, 2002 ME 98, ¶ 13 n. 5, 798 A.2d at 1110 n.5. Moreover, "[t]he assertion of a legal right … is by itself insufficient ***as a matter of law*** to support a finding of interference by fraud." *Id.* ¶ 15, 798 A.2d at 1111 (emphasis added).

ONE has the legal right to protect its brand and reputation by ensuring that products designated and sold as ONE bar products are authentic and that nothing in the packaging or shipping impacts the quality or safety of the product. The assertion of ONE's legal right, without more, cannot as a matter of law support a fraud claim. The *Rutland* Court made clear that "a person who claims to have, or threatens to lawfully protect, a property right that the person believes exists cannot be said to have intended to deceive or to have unlawfully coerced or extorted another simply because that right is later proven invalid." *Id*. ¶ 16, 798 A.2d at 1111.

Plaintiff admits that ONE was concerned with protecting its brand: "One Brands notified Next Gen through the Amazon website, that it was '. . . committed to protecting our brands, customer partners and customers by tackling product misrepresentations and intellectual property infringement on the Amazon.com Marketplace.'" Comp. ¶ 19, ECF No. 5-3. Plaintiff further admits that ONE was concerned with the authenticity and quality of its products: ONE stated to Plaintiff that "[i]f we cannot verify the authenticity and quality of your ONE inventory, then we must request that the listing be immediately removed from the Amazon.com Marketplace." *Id*. ¶ 20. The allegations in the Complaint are, at most, ONE making a report to Amazon asserting its legal right to ensure the authenticity and quality of its products and to protect its brand and reputation. *Id*. ¶¶ 19, 20.

Because there are not enough facts in the Complaint to state a plausible claim of fraud or intimidation, the tortious interference claims must be dismissed.

### 3.    The Complaint fails to allege causation.

The Complaint also fails to allege the third element of a tortious interference claim, which is causation. Under Maine law, interference through fraud or intimidation must have caused the third party to breach a contract or terminate a relationship "that would have continued but for such wrongful interference." *C.N. Brown Co. v. Gillen*, 569 A.2d 1206, 1210 (Me. 1990). Plaintiff has

- 13 -

not pled facts sufficient to state a plausible connection between anything ONE said or did and Amazon's actions.

Plaintiff fails to attach or summarize the communications it had with Amazon about why Amazon removed Plaintiff's right to sell the ONE bar products on its site. Without factual allegations setting forth the reasons for Amazon's actions, Plaintiff has not plausibly alleged that its Contract or relationship would have continued but for ONE's purported notification to Amazon.[5]

Having failed to allege causation, the tortious interference claims fail as a matter of law.

**B.       The declaratory judgment claim should be dismissed.**

Plaintiff brings a claim under Maine's Declaratory Judgments Acts (14 M.R.S.A. §§ 5951, *et seq*., the "Act") seeking a declaration that the ONE bar products it sells "meet Amazon.com's Policies." Compl. ¶ 39, Wherefore Clause at 5, ECF No. 5-3. That claim should be dismissed because (1) the Court does not have subject matter jurisdiction over the claim because ONE is not a party to the Amazon Contract and therefore no genuine controversy exists, (2) the claim seeks only to resolve a disputed factual issue, which is not appropriate under the Act, (3) the declaratory judgment, if entered, would not terminate the controversy or remove an uncertainty, (4) not all parties who would be affected by the declaration are parties to this action, and (5) the claim overlaps the claim for damages and is therefore superfluous.

---

[5] Even if a notification from ONE caused Amazon to remove Plaintiff's products from the site, there would be no actionable claim unless ONE engaged in fraud or intimidation. There is no factual allegation that ONE did so.

149724899.1

1.      **The Court does not have subject matter jurisdiction over the declaratory judgment claim because no genuine controversy exists between Plaintiff and ONE.**

"A complaint seeking a declaratory judgment must establish that there is a genuine controversy between the parties." *Hathaway v. City of Portland*, 2004 ME 47, ¶ 11, 845 A.2d 1168, 1171 (2003). If there is no case or controversy, this Court does not have subject matter jurisdiction.

Plaintiff seeks a declaration that the ONE bar products it sells on Amazon meet the conditions set forth in Amazon's Policies. ONE is not a party to the Contract between Plaintiff and Amazon and therefore vis-à-vis the declaration being sought, there is no controversy between Plaintiff and ONE. *Id*. ¶¶ 9-16; 845 A.2d at 1171-72 (dismissing declaratory judgment claim when defendant was not a party to the contract and therefore there was no genuine controversy between the parties); *see also State Farm and Cas. Co. v. Singleton*, 774 F. Supp. 2d 773, 776 (D.S.C. 2009) (dismissing declaratory judgment action against defendant when the parties had no contractual relationship and therefore "no controversy exists" between them). Because there is no controversy, the claim should be dismissed.

2.      **The claim seeks only to resolve a disputed factual issue.**

The purpose of a declaratory judgment action is to determine existing rights, status, or other legal relationships. 14 M.R.S.A. § 5953 ("Courts of record . . . shall have power to declare rights, status and other legal relations[.]") "Disputed questions of fact alone, [are] not sufficient to make available to litigants the provisions of the Declaratory Judgment Act[.]" *Barrett v. Pickard*, 85 So.2d 630, 631 (Fla. 1956);[6] *Hazen v. Hazen*, 2017 WL 3537058, at *9 ("This issue of fact . . .

---

[6] Maine's Declaratory Judgments Act "is to be interpreted and construed as to effectuate the[] general purpose to make uniform the law of those states which enact them, and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees; and may be cited as the 'Uniform Declaratory Judgments Act.'" 14 M.R.S.A. § 5951. Thus, cases from other jurisdictions interpreting similar declaratory judgment acts are instructive.

149724899.1

effectively prohibit[s] the Court from issuing a declaratory judgment.") Here, Plaintiff does not seek a declaration regarding the validity or construction of the Amazon Contract. Instead, Plaintiff seeks only a factual determination that the ONE bar products it sells on Amazon meet the conditions set forth in Amazon's Policies. Because factual issues alone are inappropriate to invoke the Act, Plaintiff's declaratory judgment claim should be dismissed.

3.       **The declaratory judgment will not terminate the controversy or uncertainty.**

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." 14 M.R.S.A. § 5958. *See also LeGrand v. York County Judge of Probate*, 2017 ME 167, ¶ 40, 168 A.3d 783, 794 (Me. 2017) (A court should elect to enter a declaratory judgment "only when some useful purpose will be served.") (citations omitted).

The Court should exercise its discretion and dismiss the declaratory judgment claim because resolution of the factual issue will not terminate the controversy or uncertainty. A declaration stating that Plaintiff's products met Amazon's conditions says nothing about whether ONE interfered with the Amazon Contract, whether any interference was through fraud or intimidation, or whether that fraud or intimidation caused Amazon to remove Plaintiff's products from Amazon's site.

Because the requested declaratory judgment will not terminate the controversy or remove an uncertainty, the Court should dismiss the claim.

4.       **A declaration about Amazon's Contract would be inappropriate because Amazon is not a party.**

The Act requires that "[w]hen declaratory relief is sought . . . no declaration shall prejudice the rights of persons not parties to the proceeding." 14. M.R.S.A. § 5963. Here, Plaintiff seeks a declaration that its products meet the conditions set forth in Amazon's Policies. The resolution of

that issue necessarily affects Amazon, who is not a party. Accordingly, the declaratory judgment claim should be dismissed. *Hazen v. Hazen*, 2017 WL 3537058, at *9 ("This issue of fact in combination with Susan's statutory right to be made a party to the action effectively prohibit the Court from issuing a declaratory judgment.")

> 5. **The Declaratory Judgment Act overlaps the claim for damages.**

When the substantive claims will determine the rights and liabilities of the parties, a declaratory judgment action is superfluous. *See McLaughlin v. Denharco*, 129 F. Supp. 2d 32, 40 (D. Me. 2001) ("McLaughlin's claim for declaratory judgment is superfluous. He asserts substantive claims for damages that will determine the rights and liabilities of the parties without resorting to Maine's Declaratory Judgment Act."); *see also Tucker v. Graham*, 878 S.W.2d 681, 683 (Tex. App. 1994) (a declaratory judgment action is not appropriate where a plaintiff has a mature right and therefore the declaratory judgment would add nothing further). Here, Plaintiff's request for a declaration that its ONE bar products meet the conditions in Amazon's Policies overlaps and will be subsumed within the underlying tort claims. Nothing is added by entertaining the declaratory judgment action. Because it is superfluous, the declaratory judgment action should be dismissed.

## CONCLUSION

The Complaint must be dismissed because the Court lacks personal jurisdiction over ONE. The Complaint also should be dismissed because it fails to state a claim upon which relief can be granted. Two of the necessary elements for a tortious interference claim are missing here: (1) interference by fraud or intimidation and (2) causation. The declaratory judgment action also should be dismissed because: (1) the Court does not have subject matter jurisdiction over the claim because ONE is not a party to the Amazon Contract and therefore no genuine controversy exists, (2) the claim seeks only to resolve a disputed factual issue, which is not appropriate under the Act,

- 17 -

(3) the declaratory judgment, if entered, would not terminate the controversy or remove an uncertainty, (4) not all parties who would be affected by the declaration are parties to this action, and (5) the claim overlaps the claim for damages and is therefore superfluous.

Because amendment would be futile, ONE respectfully request that the Court dismiss with prejudice the Complaint in its entirety.

DATED: October 2, 2020

Respectfully submitted,
ONE Brands, LLC

By its attorneys,
PRETI FLAHERTY BELIVEAU &
PACHIOS, LLP

*/s/ Sigmund D. Schutz*
Sigmund D. Schutz
One City Center
P.O. Box 9546
Portland, ME, 04112-9546
(207) 791-3000
sschutz@preti.com

PERKINS COIE LLP

*/s/ Cheryl Zak Lardieri*
Cheryl Zak Lardieri
Pro Hac Vice
700 Thirteenth Street, N.W. Suite 800
Washington, DC 20005-3960
(202) 661-5813
CLardieri@perkinscoie.com

149724899.1