## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SUPPLEMENT EDGE, INC. d/b/a NEXT GEN NUTRITION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **Civil Action Docket No. 2:20-cv-00348-LEW** ) ) |
| ONE BRANDS, LLC, | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) ) |

## AMENDED COMPLAINT

Plaintiff, SUPPLEMENT EDGE, INC. d/b/a NEXT GEN NUTRITION ("Next Gen" or "Plaintiff"), by and through counsel, pursuant to F.R. Civ. P. 15(a)(1), files this Amended Complaint against Defendant, ONE BRANDS, LLC ("One Brands" or "Defendant"), as follows:

## INTRODUCTION

1. This in an action for declaratory judgment and damages for One Brands' tortious interference with Next Gen's contractual and economic relationship with Amazon.com. As a result of One Brands' tortious conduct, Next Gen has incurred substantial damages, including lost profits, and its damages are continuing to accrue.

## PARTIES AND JURISDICTION

2. Next Gen is a Maine corporation with its principal place of business in Portland, Cumberland County, State of Maine.

3. One Brands is a Delaware limited liability company with its principal place of business in Charlotte, State of North Carolina.

1

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), because the parties are citizens of different states, and because the damages suffered by Plaintiff exceed $75,000, exclusive of interest and costs.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), because the impact of the events giving rise to Plaintiff's claim occurred in Portland, Maine, and because Defendant is subject to the personal jurisdiction of this Court.

6. This Court has general and specific personal jurisdiction over Defendant.

7. Defendant's products are distributed and sold at various locations in Maine; its website directs customers to locations in Scarborough, South Portland and Falmouth, Maine, where its products can be purchased.

8. Defendant, on numerous occasions, has communicated with Plaintiff through the Amazon platform, and has purchased products from Plaintiff, thru Amazon, that were shipped to Defendant, its employees or agents, from Portland, Maine.

9. This Court also has personal jurisdiction over Defendant under Maine's Long Arm Statute, 14 M.R.S.A. § 704-A, because certain products it purchased from Plaintiff in Portland, Maine were used in the course of its commission of a tortious act against Plaintiff, the consequences of which occurred in Maine.

## **GENERAL ALLEGATIONS**

10. One Brands manufactures and sells nutritional protein bars throughout the country, including in Maine.

11. Next Gen, located in Portland, Maine, is a third party seller of products on Amazon.com, including certain of One Brands' products.

12. Next Gen and Amazon.com are parties to an Amazon Services Business Solutions Agreement (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit "A."

13. As part of the Agreement, Next Gen is bound by Amazon.com's Product Guidelines, including its Condition Guidelines (collectively the "Policies"). A true and correct copy of the relevant Policies are attached hereto as Exhibit "B."

14. A violation of Amazon.com's Policies may result in the loss of selling privileges or other legal consequences.

15. Both the Agreement and the Policies are publically available.

16. One Brands has actual knowledge of the Agreement and Policies, and actual knowledge that Next Gen is a party to the Agreement and subject to the Policies.

17. Next Gen sells health supplements and related products, including One Brands' products.

18. Next Gen has been selling One Brands' products on Amazon.com for years, and has sold millions of dollars of One Brands' products.

19. At all relevant times, Next Gen has sold One Brands products in full compliance with Amazon's Agreement and Policies.

20. However, since at least 2018, One Brands has attempted to prohibit Next Gen from selling its products on Amazon.com.

21. In 2018, One Brands sent Next Gen several e-mails through the Amazon website demanding that it immediately delist and cease selling One Brands' products on Amazon.

22. In one of the 2018 communications, One Brands claimed that Next Gen's resale of its products may violate its "Minimum Advertising Price Policy", threatened to contact

"Amazon's legal department to advise them of your unauthorized resale activity in the Amazon Marketplace," and threatened to use Amazon's policies to "remove your Amazon seller account."

23. In May, 2020, One Brands notified Next Gen that it was "committed to protecting our brands, customer partners and customers by tackling product misrepresentation and intellectual property infringement on the Amazon.com Marketplace."

24. In the May 2020 communication, One Brands demanded certain information from Next Gen and stated "If we cannot verify the authenticity and quality of your ONE inventory, then we must request that the listings be immediately removed from the Amazon.com marketplace."

25. One Brands also cited a variety of violations that are "grounds for your product offering to be removed from the Amazon platform altogether."

26. In the Summer of 2020, One Brands, through an employee or agent, purchased its own One Brands' products from Next Gen on Amazon.

27. The products ordered by One Brands were shipped from Portland, Maine to an employee and/or executive of One Brands in California.

28. Shortly thereafter, One Brands notified Amazon that Next Gen was selling One Brands' products in violation of Amazon's condition policies.

29. One Brands' reports to Amazon.com were false.

30. As a result of One Brands' actions, Amazon.com removed Next Gen's listings ("delisted" them) for many of the One Brands products Next Gen was selling.

31. Next Gen, through counsel, sent a letter to One Brands in an effort to resolve the dispute, so it could reinstate its listings on Amazon.com

32. Efforts to resolve the dispute were unsuccessful.

33. Amazon.com will not restore the listings because of One Brands' false report.

34. Next Gen has thousands of dollars of One Brands inventory that it is now barred from selling on Amazon.com, which is its principal marketplace for selling such products.

35. All conditions precedent to bringing this action have occurred, have been satisfied or were waived.

### COUNT I –Declaratory Judgment (14 M.R.S.A. § 5951 et seq.)

36. Next Gen repeats and realleges the allegations contained in the foregoing as if set forth in full herein.

37. Next Gen has a contractual relationship with Amazon.com pursuant to which it has agreed to abide by Amazon.com's terms and conditions as set forth in Exhibits A and B hereto.

38. One Brands was aware that Next Gen was bound by the Agreement and subject to the Policies.

39. One Brands is motivated to eliminate competition for its products.

40. One Brands began its assault on Next Gen in 2018 when it issued a cease and "delist" notice to Next Gen and threatened to terminate Next Gen's Amazon seller account.

41. In the Summer of 2020, as part of its effort to terminate Next Gen's ability to sell One Brands products on Amazon, One Brands purchased its own products from Next Gen, thru Amazon.

42. Shortly thereafter, One Brands falsely reported to Amazon.com that Next Gen had sold its One Brands products in violation of Amazon.com's Policies.

43. As a result, Amazon removed ("delisted") Next Gen's ability to sell many of its One Brands products on Amazon.com and Next Gen's seller listings on these products have been terminated.

44. There is an actual, genuine, and justiciable controversy between the parties, and Next Gen is entitled to a declaratory judgment that One Brands' reports to Amazon were false.

WHEREFORE, pursuant to 14 M.R.S.A. § 5951 *et. seq*, Next Gen respectfully requests that this Court enter a declaratory judgment that One Brands falsely reported to Amazon that Next Gen's sale of its products were defective and/or did not meet Amazon.com's Policies, award Next Gen its costs and reasonable attorney's fees, together with further relief as this Court deems just and appropriate.

## **COUNT II – Tortious Interference with Contractual Relationship**

45. Next Gen repeats and realleges the allegations contained in the foregoing as if set forth in full herein.

46. Next Gen has a valid contractual relationship with Amazon.com pursuant to which it has agreed to abide by Amazon.com's terms and conditions as set forth in Exhibits A and B hereto.

47. One Brands was aware that Next Gen was bound by the Agreement and subject to the Policies.

48. During the Summer of 2020, One Brands purchased its own products from Next Gen on Amazon.com.

49. One Brands tortiously interfered with Next Gen's contractual rights to sell products on Amazon.com through fraud and intimidation by falsely notifying Amazon.com that the products it purchased from Next Gen failed to meet Amazon.com's condition Policies.

50. One Brands is motivated to unlawfully stifle competition and drive up prices for consumers.

51. One Brands' statements to Amazon concerning the condition of the products it purchased from Next Gen were false statements of material fact.

52. One Brands made the statements with knowledge of their falsity and/or in reckless disregard of whether the statements were true or false.

53. One Brands made the statements for the purpose of inducing Amazon to remove Next Gen's listings (to "delist" them) from the Amazon website, because they violated Amazon's condition Policies.

54. Amazon justifiably relied upon the false reports, and removed Next Gen's listings for many of its One Brands products.

55. Next Gen is now unable to sell many of its One Brands products on Amazon.com, because its seller listings have been removed.

56. As a result, Next Gen has incurred substantial damages, including lost profits, and its damages are continuing to accrue.

WHEREFORE, Next Gen respectfully requests that this Court enter a judgment for all of its damages, including but not limited to lost profits, against One Brands in an amount to be determined at trial together with costs, interest, and attorney's fees, along with such other and further relief as this Court deems just and appropriate.

**COUNT III – Tortious Interference with Existing and Prospective Economic Advantage**

57. Next Gen repeats and realleges the allegations contained in the foregoing as if set forth in full herein.

58. Next Gen has an existing and prospective economic advantage with Amazon.com pursuant to which it has agreed to abide by Amazon.com's terms and condition as set forth in Exhibits A and B hereto.

59. One Brands was aware that Next Gen was bound by Amazon.com's terms and conditions.

60. During the Summer of 2020, One Brands purchased its own products from Next Gen on Amazon.com.

61. One Brands tortiously interfered with Next Gen's existing and prospective economic advantage to sell products on Amazon.com through fraud and intimidation by falsely notifying Amazon.com that the products it purchased from Next Gen did not meet Amazon.com's Policies.

62. One Brands is motivated to unlawfully stifle competition and drive up prices for consumers.

63. One Brands' statements to Amazon concerning the condition of the products it purchased from Next Gen were false statements of material fact.

64. One Brands made the statements with knowledge of their falsity and/or in reckless disregard of whether the statements were true or false.

65. One Brands made the statements for the purpose of inducing Amazon to remove Next Gen's listings (to "delist" them) from the Amazon website, because they violated Amazon's condition Policies.

66. Amazon justifiably relied upon the false reports, and removed Next Gen's listings for many of its One Brands products.

67. Next Gen is now unable to sell many of its One Brands products on Amazon.com, because its seller listings have been removed.

68. As a result, Next Gen has incurred substantial damages, including lost profits, and its damages are continuing to accrue.

WHEREFORE, Next Gen respectfully requests that this Court enter a judgment for all of its damages, including but not limited to its lost profits, against One Brands in an amount to be determined at trial together with costs, interest, and attorney's fees, along with such other and further relief as this Court deems just and appropriate.

Dated: October 23, 2020           /s/ Michael J. Donlan
                                  Michael J. Donlan
                                  Stephen B. Segal
                                  Attorneys for Plaintiff Supplement Edge, Inc.
                                  d/b/a Next Gen Nutrition

VERRILL DANA, LLP
One Portland Square
Portland, ME 04101-4054
(207) 774-4000
mdonlan@verrill-law.com
ssegal@verrill-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2020, I electronically filed Plaintiff's Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of each filing to the following: Sigmund D. Schutz, Esq. at sschutz@preti.com and Cheryl Zak Lardieri, Esq. at clardieri@perkinscoie.com.

Dated: October 23, 2020           /s/ Michael J. Donlan
                                  Michael J. Donlan, Maine Bar No. 6824
                                  Attorney for Plaintiff Supplement Edge, Inc.
                                  d/b/a Next Gen Nutrition

VERRILL DANA, LLP
One Portland Square
Portland, ME 04101-4054
(207) 774-4000
mdonlan@verrill-law.com

14336903_1